UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11686-GAO

CATHERINE CONNEARNEY,
as administrator of the Estate of Thomas P. McGee,
Plaintiff,

v.

MISS SHAUNA, LLC,
Defendant.

OPINION AND ORDER
March 11, 2014

O'TOOLE, D.J.

The plaintiff, Catherine Connearney, as administrator of the Estate of Thomas P. McGee, sues the defendant, Miss Shauna, LLC, for an injury McGee allegedly suffered while working on the defendant vessel. The plaintiff brings claims for negligence under the Jones Act, unseaworthiness, and maintenance and cure. The defendant has moved for summary judgment.

**I.     Background**

The plaintiff alleges that on or about July 25, 2010, her brother, McGee, sustained an injury while working as a deckhand and cook on the F/V MISS SHAUNA. According to the administrator's deposition, McGee was below deck speaking with the first mate when the motion of the ship threw him off balance, causing him to strike his left great toe on the edge of the galley cabinets. McGee assumed that the incident was the result of a collision with another ship, or with a submerged object, but the exact cause was never determined.

McGee suffered serious complications from his injured toe, possibly as a result of his Buerger's disease, eventually resulting in the amputation of the toe itself and later his left leg

below the knee. Unfortunately, while this case was pending, McGee passed away. His sister was substituted as plaintiff in her capacity as personal representative of his estate.

## II.     Legal Standard

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. In making a determination, "the court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor." House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co., 775 F. Supp. 2d 302, 307 (D. Mass. 2011) (citing O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993)). However, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

## III.    Discussion

This case turns on the application of the Federal Rules of Evidence. The defendant contends that the plaintiff cannot prove a case since McGee passed away without providing any statements under oath, and that any other available evidence the plaintiff might seek to offer would be inadmissible as hearsay. In response, the plaintiff maintains that her affidavit and McGee's medical records constitute admissible evidence and create a genuine issue of material fact such that summary judgment is improper.

A.   Hearsay Analysis

Hearsay statements are not admissible unless allowed by an exception or exemption. Fed. R. Evid. 802. The plaintiff suggests several possible exceptions.

### i.   *Statement Under the Belief of Imminent Death*

McGee's statements to the plaintiff are not dying declarations under Rule 804(b)(2). "To make out a dying declaration, the declarant must have spoken without hope of recovery and in the shadow of impending death." Shepard v. United States, 290 U.S. 96, 99 (1933). McGee did not have "a settled hopeless expectation" that he was near death, nor were his statements "spoken in the hush of its impending presence." Id. at 100. The plaintiff admits they did not speak about the incident when McGee was on his deathbed, so Rule 804(b)(2) cannot apply.

### ii.   *An Opposing Party's Statement*

The plaintiff is seeking to offer her affidavit, including Mr. McGee's statements to her, for her own purposes. The plaintiff's affidavit cannot be admitted in her favor; Rule 801(d)(2) would only permit it to be offered *against* her.

### iii.   *Statement of Personal or Family History*

McGee's assertions regarding his injury and surrounding circumstances are not statements of personal or family history under Rule 804(b)(4). The plaintiff and decedent, as siblings, are "related to the other by blood," but the subject matter of his statements are not "the declarant's own birth, adoption, legitimacy, ancestry, marriage, divorce, relationship by blood, adoption, or marriage, or similar facts of personal or family history." Fed. R. Evid. 804(b)(4). "It is useful to recall that Rule 804(b)(4) had its origins in the common law pedigree exception to the hearsay rule." United States v. Carvalho, 742 F.2d 146, 153 n.8 (4th Cir. 1984). McGee's statements do not relate to pedigree in any way and cannot be admitted under Rule 804(b)(4).

### iv.  *Statements Made for Medical Diagnosis or Treatment*

Pursuant to Rule 803(4), a statement is not excluded as hearsay if it is "made for — and is reasonably pertinent to — medical diagnosis or treatment" and "describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4).

McGee's statements to his doctors, as reflected in his medical records, are likely admissible under Rule 803(4). The defendant points to Rock v. Huffco Gas & Oil Co., Inc. for the proposition that "details of the injury not necessary for treatment but serving only to suggest fault 'would not ordinarily qualify' as an exception to the hearsay rule under Rule 803(4)." 922 F.2d 272, 277 (5th Cir. 1991) (citing Fed. R. Evid. 803(4) advisory committee's note). However, the rule "also extends to statements as to causation, reasonably pertinent" to diagnosis. Fed. R. Evid. 803(4) advisory committee's note. The plaintiff seeks to introduce medical records which include McGee's statements that the injury occurred on a boat. McGee stated to Dr. Kalish that he "injured [his left] great toe in July 2010 on a boat." (Pl.'s Opp'n to Mot. for Summ. J., Ex. 1 at 2 (dkt. no. 34-1).) He indicated to Dr. Philip he sustained the injury "while he was coming out of his boat" (Def.'s Reply Br., Ex. 4 at 2 (dkt. no. 37-4).) These statements do not assign fault or implicate the vessel as a cause of the injury. The fact that the injury occurred on a boat may be reasonably pertinent to diagnosis of a stubborn infection.

### v.  *Residual Exception*

Under Rule 807, a hearsay statement not covered by a recognized exception may be admitted, with notice, if it (1) has "equivalent circumstantial guarantees of trustworthiness," (2) is offered to prove a material fact, (3) is more probative than evidence the proponent can obtain through reasonable efforts, and (4) its admission "will best serve the purposes of these rules and

the interests of justice." Fed. R. Evid. 807. The proffered statements here are self-serving. They were made to the declarant's sister, the plaintiff, who clearly has an interest in the outcome of the case, and there are no circumstances which guarantee the trustworthiness of the statements. The statements should not be admitted under the residual exception.

    B.    Analysis of Claims

        i.    *Count I: Jones Act Negligence*

Under the Jones Act, "[s]eamen may . . . maintain an action where an employer's failure to exercise reasonable care causes a subsequent injury . . . ." Ferrara v. A. & V. Fishing, Inc., 99 F. 3d 449, 453 (1st Cir. 1996) (citing Toucet v. Maritime Overseas Corp., 991 F.2d 5, 10 (1st Cir. 1993)). The plaintiff must prove an act or omission that deviates from what a reasonably prudent person would have done in like circumstances. See Roberts v. United Fisheries Vessels Co., 141 F.2d 288, 291 (1st Cir. 1944), cert. denied, 323 U.S. 753 (1944). There is no evidence to support a showing of negligence here. Even if McGee's statements to his sister were admissible, McGee was below deck when the incident happened. He never ascertained what caused the incident. He assumed a collision, but never inquired any further, and never stated in what way the Miss Shauna failed to exercise reasonable care. Any claim of negligence rests on conjecture and speculation.

        ii.    *Count II: Unseaworthiness*

Under general maritime law, "[i]n order to prove a claim of unseaworthiness, a plaintiff must show that the unseaworthy condition of the vessel was the proximate or direct and substantial cause of the seaman's injuries." Brophy v. Lavine, 801 F.2d 521, 524 (1986). The plaintiff must show "the act or omission . . . produces the results complained of, and without which it would not have occurred." Id. However, "[t]he doctrine of unseaworthiness does not

require a shipowner to furnish an accident-free ship." Smith v. United States, 943 F. Supp. 159, 169 (1996); accord Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 548-50 (1960). Here the plaintiff has no admissible evidence to show the Miss Shauna was unsafe for its intended use. Indeed, even McGee never stated why he so concluded. Where a plaintiff rests on mere allegations and fails to set forth specific facts showing that there is a genuine issue for trial, the claim must be dismissed. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

      *iii.*     *Count III: Maintenance and Cure*

"The ancient duty of a vessel and her owner to provide maintenance and cure for seamen injured or falling ill while in service . . . does not rest upon negligence or culpability on the part of the owner or master . . . nor is it restricted to those cases where the seaman's employment is the cause of the injury or illness." Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 (1938). In Calmar, the Supreme Court ruled that a seaman with Buerger's disease was entitled to maintenance and cure when a stubbed toe eventually led to a series of amputations. Id. Where fault is not a necessary element of the claim, I conclude the plaintiff has minimally set forth admissible evidence – identifying the place of his injury as a, or his, boat – to raise a genuine issue of material fact and avoid summary judgment on this claim.

## IV. Conclusion

For the reasons stated herein, the defendant's Motion for Summary Judgment (dkt. no. 31) is GRANTED as to Counts I and II, and DENIED as to Count III. The matter may stand for trial on the plaintiff's claim for maintenance and cure.

It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                United States District Judge